UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DUMITRU VASU, | ) | CASE NO. 5:18CV1889 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMBI PACKAGING SYSTEMS LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiff Dumitru Vasu's motion to remand. (Doc. No. 6 ["Mot."].) Defendant Combi Packaging Systems LLC filed its opposition (Doc. No. 8 ["Opp'n"]) and plaintiff filed a reply (Doc. No. 11 ["Reply"]). For the reasons discussed herein, plaintiff's motion for remand is DENIED.

I. BACKGROUND

Defendant Combi Packaging Systems LLC ("Combi") entered into a contract with American United Life Insurance Company ("AUL"), whereby, in consideration of the application for the policy made by Combi and of the payment of all premiums due, AUL agreed to insure Combi's employees. ((Doc. No. 1-1, Complaint ["Compl."], ¶ 4.) Further, AUL agreed to pay the amount for which the employees were insured on the date of their death to the beneficiaries entitled to such amounts. (*Id.*) The AUL policy included a group term life insurance policy with a basic life insurance benefit of $25,000 ("Basic Life") and a group voluntary term life insurance certificate with a life insurance benefit to be elected by the insured employee ("Voluntary Life"). (*Id.* ¶ 5.)

1

Plaintiff Dumitru Vasu's ("Vasu") father Victor Vasu ("Victor") was an employee of Combi. (*Id.* ¶¶ 6–7.) Victor, through his employment with Combi, was insured under Basic Life with the benefit of $25,000 and Voluntary Life with an elected benefit of $110,000. (*Id.* ¶ 6.) Vasu was Victor's designated primary beneficiary for both policies. (*Id.* ¶ 7.)

On or about June 7, 2014, Victor died. (*Id.* ¶ 12.) On or about July 28, 2014, AUL denied Vasu's claim for the Basic Life benefit of $25,000 and the Voluntary Life benefit of $110,000. (*Id.*)

On July 13, 2018, Vasu brought the instant action in the Stark County Court of Common Pleas alleging breach of contract and seeking declaratory judgment to obtain a declaration of his rights under AUL policies' contracts. On August 15, 2018, Combi removed this action to this Court. (Doc. No. 1 ["Not."].) Vasu filed his motion to remand on August 24, 2018, and this matter is now ripe for the Court's review.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a civil action may be removed from a state court only when the federal court has original jurisdiction over the claims alleged in the state court complaint. A federal court has original federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Generally, the plaintiff is the master of his own complaint and federal jurisdiction must be apparent "on the face" of the "properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986). However, a plaintiff cannot defeat federal jurisdiction by simply omitting necessary federal questions. *Rivet*

*v. Regions Bank*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998). The Supreme Court has recognized an exception that provides federal jurisdiction when the complaint, on its face, alleges only state law claims but when those claims could also state a cause of action under federal law that "completely preempt[s]" an area of state law. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 n.11 (6th Cir. 2002) (citing *Metro. Life Ins. Co v. Taylor*, 481 U.S. 58, 63–64, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)).

"'Complete preemption' applies only in the extraordinary circumstances when Congress intends, not merely to preempt a certain amount of state law, but also to transfer jurisdiction to decide the preemption question from state to federal courts." *Peters*, 258 F.3d at 469 n.11 (citing *Metro. Life Ins. Co.*, 481 U.S. at 65–66.) In such a "complete preemption" area, the complaint may "be removed to federal court and will be treated as alleging a federal cause of action, notwithstanding that on its face, the plaintiff's complaint alleges only a state-law cause of action." *Id*.

The Supreme Court has determined that the "complete preemption exception" to the "well-pleaded complaint rule" applies to claims arising under the Employment Retirement Income Security Act ("ERISA"). *Metro. Life Ins. Co.*, 481 U.S. at 64–67. The Sixth Circuit has clarified that a state-law claim is completely preempted by ERISA for removal purposes when the action is "to recover benefits due to [plaintiff] under the terms of [the] plan, to enforce [plaintiff's] rights under the terms of the plan, or to clarify [plaintiff's] rights to future benefits under the terms of the plan[.]" *Kelton v. Cleveland Clinic Found.*, No. 1:12 CV 511, 2012 WL 1906363, at *2 (N.D. Ohio May 25, 2012) (internal quotation marks omitted) (quoting *Peters*, 258 F.3d at 469 n.11).

## III.  ANALYSIS

ERISA is a comprehensive federal law governing employee benefits. 29 U.S.C. § 1001, *et seq*. ERISA applies to "any employee benefit plan" if the plan is "established or maintained" by "any employer." 29 U.S.C. § 1003(a). An "employee benefit plan" is defined as an "employee welfare benefit plan" or an "employee pension benefit plan." 29 U.S.C. § 1002(3). As pertinent to this action, a plan is an employee welfare benefit plan if it was "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits in the event of . . . death[.]" 29 U.S.C. § 1002(1).

In determining whether a plan is an ERISA plan, the Court must undertake a three-step factual inquiry. *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 434 (6th Cir. 1996). First, the Court must determine whether the Department of Labor's "safe harbor" exempts the program from ERISA. *Id.* The Department of Labor's safe harbor excludes an employee insurance policy from ERISA coverage if:

> (1) the employer makes no contribution to the policy; (2) employee participation in the policy is completely voluntary; (3) the employer's sole functions are, without endorsing the policy, to permit the insurer to publicize the policy to employees, collect premiums through payroll deductions and remit them to the insurer; **and** (4) the employer receives no consideration in connection with the policy other than reasonable compensation for administrative services actually rendered in connection with payroll deduction.

*Thompson*, 95 F.3d at 435 (emphasis added) (citing 29 C.F.R. § 2510.3-1(j)). All four criteria must be satisfied for the safe harbor exclusion to apply. *Figarino v. Hartford Life & Accident Ins. Co.*, 969 F.2d 178, 184 (6th Cir. 1992), *abrogated on other grounds by Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 124 S. Ct. 1330, 158 L. Ed. 2d 40 (2004).

Second, the Court must look to see if there was a "plan" by determining "whether 'from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, the

4

class of beneficiaries, the source of financing, and the procedures for receiving benefits.'" *Thompson*, 95 F.3d at 434–35 (alteration in original) (quoting *Int'l Res., Inc. v N.Y. Life Ins. Co.*, 950 F.2d 294, 297 (6th Cir. 1991)). Third, the Court "must ask whether the employer 'established or maintained' the plan with the intent of providing benefits to its employees." *Id.* at 435.

In its notice of removal, Combi claims:

> [R]emoval is proper under 28 U.S.C. § 1441(a) and (b) because this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States—specifically, the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

(Not. at 1–2.[1]) To combat the removal, in his motion to remand, Vasu claims that removal was improper because the plan for which he seeks benefits is not an ERISA plan. (Mot. at 38–39.) To support his claim, Vasu points to an email from defendant's counsel stating that the plan is not an ERISA claim. (*Id.* at 2.)

This Court will look to the substance of the plan to determine whether it is an ERISA plan. First, despite Vasu's contention (Mot. at 39), the AUL plan offered to Combi's employees does *not* fall into the safe harbor exemption because Combi did make contributions to the plan. Combi paid for its employees, including Victor, to have Basic Life.[2] (Doc. No. 8-2, Declaration of Barbara Karch ["Karch. Dec."], at 212.) Second, it is a plan because from the surrounding circumstances a

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

[2] Combi paid for its employees' coverage under Basic Life, but not for coverage elected by its employees under Voluntary Life. Still, Combi's contribution to the Basic Life is enough to nullify application of the safe harbor. "The Sixth Circuit focuses on the underlying policy objectives of ERISA in assessing the 'no contribution' criterion." *Latham v. Lincoln Nat'l Life. Ins. Co.*, 133 F. Supp. 3d 875, 881 (E.D. Ky. 2015) (citing *Helfman v. GE Grp. Life Assurance Co.*, 573 F.3d 383, 390–91 (6th Cir. 2009)). And the underlying purpose of ERISA is "to avoid conflicting federal and state regulation and to create a nationally uniform administration of employee benefit plans." *Helfman*, 573 F.3d at 390 (internal quotation marks omitted). Thus, an employer "contributes"—for purposes of the Court's safe harbor analysis—when the employer contributes to its employees' basic life policies, but not other long-term policies elected by its employees. *Latham*, 133 F. Supp. 3d at 880–83 (collecting cases that apply Sixth Circuit law). Separating Basic Life from Voluntary Life would lead to an "anomaly that the same plan will be controlled by discrete regimes"—the exact anomaly the Sixth Circuit looks to avoid. See *Helfman*, 573 F.3d at 390.

reasonable person could ascertain the intended benefits (Basic Life and Voluntary Life), the class of beneficiaries (Combi employees), the source of financing (Combi for Basic Life; Combi employees for Voluntary Life), and the procedures for receiving benefits (requesting benefits from AUL upon the employee's death). (Compl. ¶¶ 4–6.) Lastly, Combi established and maintained the plan with the intent of providing benefits to its employees. (*Id.* ¶ 4.) Here, the plan falls within ERISA coverage.

To be sure, this Court has already dealt with this *exact* plan in *Vasu v. American United Life Insurance Company*, 247 F. Supp. 3d 867 (N.D. Ohio 2017) ["AUL case"], and determined the plan is an ERISA plan that preempted Vasu's state law claims. In the AUL case, Vasu asked this Court to overturn the decision of AUL to deny his claim for the same benefits he seeks in this case. In the AUL case, neither party disputed that the plan was an ERISA plan. And, this Court agreed, stating, "[t]here is no dispute that the Plan is an ERISA employee benefit plan." *Id.* at 874.

Now, Vasu claims that the plan is not an ERISA plan solely because of an email sent by Combi's counsel. Vasu cites no other evidence that suggests the plan is not governed by ERISA. Instead, Vasu asks this Court to ignore the substance of the plan and this Court's own prior determination because of a contradictory email from Combi's counsel.

However, an email from Combi's counsel does not control this Court's interpretation of the plan. Looking at the substance of the plan and undertaking the three-step inquiry, it is clear: this is an ERISA plan.

Further, Vasu ultimately seeks benefits allegedly due to him under the terms of his father's plan and seeks to clarify his rights to future benefits under the plan. (Compl. ¶¶ 12–13, 15–17.) Therefore, this cause of action is completely preempted, and this Court has subject matter

jurisdiction over it as a claim under ERISA. *Kelton*, 2012 WL 1906363, at *2 (quoting *Peters*, 258 F.3d at 469 n.11).

## IV. CONCLUSION

Pursuant to 18 U.S.C. § 1331, this Court has subject matter jurisdiction over Vasu's claims. Without question, both of Vasu's claims require the interpretation of ERISA because the at-issue life insurance plan is an ERISA plan. Because ERISA completely preempts Vasu's state law claims, removal to this Court is proper. A such, Vasu's motion to remand is DENIED.

**IT IS SO ORDERED**.

Dated: December 28, 2018

                                       **HONORABLE SARA LIOI**
                                       **UNITED STATES DISTRICT JUDGE**